

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00013-CV

TERRY BLANKENSHIP, APPELLANT

V.

BRAD LIVINGSTON, ET AL, APPELLEES

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 98395-D, Honorable Don R. Emerson, Presiding

December 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Terry Blankenship (Blankenship) appeals from a judgment dismissing his suit against Brad Livingston, et. al. (collectively referred to as Livingston). Through a single issue, Blankenship complains that he has been denied early release and remains incarcerated past his mandatory release date in violation of the state and federal constitutions. We dismiss the appeal.

Blankenship appeals an order dismissing his suit that was entered on August 16, 2012. On January 14, 2013, Blankenship filed his notice of appeal. Because the notice

appeared to be late, we afforded Blankenship opportunity to explain why his notice was untimely and why we had jurisdiction over the appeal. His response was to be filed no later than December 2, 2013. To date no response has been filed.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Even if a motion for new trial had been filed, the latest Blankenship had to file his notice was November 14, 2012, he filed his notice on January 14, 2013. Thus, it was late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.


Per Curiam